FOR PUBLICATION

# JUDICIAL COUNCIL OF THE NINTH CIRCUIT

|  |  |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 24-90085 ORDER |

Filed August 23, 2024

## ORDER

**WARDLAW**, Circuit Judge:

On July 1, 2024, complainant filed a complaint of judicial misconduct against the chief judge of this circuit, who recused herself from this matter.[1] Review of this complaint is governed by the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules"), the federal statutes addressing judicial conduct and disability, 28 U.S.C. § 351 et seq., and relevant prior

---

[1] Although the complaint also named a district court judge, the aspect concerning the chief judge was assigned to Circuit Judge Kim McLane Wardlaw pursuant to 28 U.S.C. § 351(c).

decisions of the Ninth Circuit Judicial Council.    In accordance with these authorities, the names of the complainant and the subject judge shall not be disclosed in this order. See Judicial-Conduct Rule 11(g)(2).

The Judicial Conduct and Disability Act provides a remedy if a federal judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a).  A complaint may be dismissed if it is not cognizable under the statute, is directly related to the merits of a decision or procedural ruling, or is frivolous or lacks sufficient evidence to raise an inference of misconduct.  See 28 U.S.C. § 352(b)(1)(A)(i)–(iii).  Judicial misconduct proceedings are not a substitute for the normal appellate review process and may not be used to seek reversal of a judge's decision, to obtain a new trial, or to request reassignment to a different judge.

In lieu of submitting a statement of the facts underlying the allegations of misconduct, the complainant submitted an editorial that appeared in the Metropolitan News-Enterprise dated May 31, 2024 ("the editorial"), describing a 2021 trial during which a district court judge found an attorney in contempt and ordered the marshal "to take [the attorney] in custody" (the "contempt proceedings").  The editorial asserts that the chief judge "fail[ed] to instigate an investigation, as a circuit's chief judge is statutorily charged with doing, in response to a credible allegation of misconduct on the part of a judicial officer in the circuit."

The editorial references 28 U.S.C. § 351(b), which provides that "on the basis of information available to the chief judge of the circuit, the chief judge may, by written order stating reasons therefor, identify a complaint for purposes of this chapter and thereby dispense with filing of

a written complaint." This process is not mandatory, as complainant seems to suggest, but lies well within the discretion of the chief circuit judge. Similarly, Judicial-Conduct Rule 5 provides that "[w]hen a chief judge has information constituting reasonable grounds for inquiry into whether a covered judge has engaged in misconduct or has a disability, the chief judge may conduct an inquiry, as he or she deems appropriate, into the accuracy of the information even if no related complaint has been filed."

The decision to conduct an inquiry under Rule 5 is confidential, as is the consideration of a complaint, including "papers, documents, and records of proceedings related to investigations conducted" regarding a complaint or inquiry. See Judicial-Conduct Rule 23; Commentary on Rule 23. Moreover, the correctness of any decision relating to these proceedings is not subject to challenge through the misconduct complaint process. See Judicial-Conduct Rules 4(b)(1); 11(c)(1)(B); Commentary on Rule 4.

The misconduct complaint here alleges that the chief judge was in dereliction of her duties because she failed to investigate or identify a complaint based on the 2021 contempt proceedings described in the editorial. Central to this misconduct complaint is the assumption that the chief judge received information about the 2021 contempt proceedings at some point prior to May 31, 2024, and failed to take action.

To determine what the chief judge knew about the 2021 contempt proceedings and when any such information became known to her, a limited inquiry was conducted pursuant to Judicial-Conduct Rule 11(b). This inquiry included conducting interviews with, and requesting

documentation from, the chief judge, the circuit executive, circuit executive staff and other circuit judges.

Based on the information gathered during this inquiry, and confirmed by multiple sources, it is clear that the chief judge did not become aware of the 2021 contempt proceedings until June 26, 2024, when another circuit judge first informed her about the editorial and, later that day, sent her a copy of the editorial itself.  Once the chief judge received and reviewed the editorial, she immediately began conducting an inquiry process under Judicial-Conduct Rule 5.[2]

The editorial states that an email was sent to the chief judge in February 2022, which included a hyperlink to a previously published editorial about the same incident which urged an investigation.  However, the chief judge did not become aware of the 2021 contempt proceedings or the February 2022 editorial at that time,[3] and has no memory of receiving such an email.  It is highly likely that even if a

---

[2] Although the existence of a Rule 5 inquiry is confidential, it may be disclosed when "appropriate to maintain public confidence in the judiciary's ability to redress misconduct."  Judicial-Conduct Rule 23(b)(1).  This is such a case.  Moreover, an investigation into the contempt proceedings is now underway pursuant to Judicial-Conduct Rule 11(b) as a result of the complaint filed July 1, 2024.

[3] There appears to be some confusion about the year in which this attempted communication occurred.  The editorial states that the email was sent to the chief judge in 2022 after complainant read "the Ninth Circuit Memorandum Opinion affirming the civil contempt adjudication."  However, the memorandum disposition itself states that the appeal of that adjudication was submitted on January 9, 2023, and that the disposition was filed on January 24, 2023.  There is no evidence that the 2023 memorandum disposition came to the chief judge's attention, nor is there any likelihood that it would have, given the nearly one hundred such dispositions filed each week by panels of this court.

correct email address was used, the external email would have been redirected.[4]  Moreover, for cybersecurity reasons, members of the judiciary are expressly cautioned against opening unsolicited emails or clicking on hyperlinks that originate outside of the judiciary's infrastructure.  Each such email arrives with a flag reading "Caution–External."  To be clear, this method of communication–email with a hyperlink–is inadequate as a means of informing the chief judge of alleged judicial misconduct.  It was certainly inadequate here, and would be inadvisable as a means of communicating information in the future.[5]

To the extent complainant challenges the court's internal procedures governing how reports of alleged misconduct are handled, it is worth repeating that these processes are confidential, and any decision made pursuant to these processes is not subject to challenge under the Judicial-Conduct Rules.  See Judicial-Conduct Rules 23; 4(b)(1); 11(c)(1)(B); Commentary on Rule 4.  Any allegation in this vein is dismissed because it relates directly to the merits of a decision.  See 28 U.S.C. § 352(b)(1)(A)(ii) (listing reasons the chief judge may decide to dismiss the complaint, including that claims are directly related to the merits of a decision).

To the extent complainant alleges that the chief judge failed to act on known information, the allegation is dismissed because it lacks any factual support and is

---

[4] As with most employers, the federal judiciary employs a spam filter program.  There is a possibility that an unsolicited email from a member of the public may have never reached the chief judge.

[5] Indeed, Ninth Circuit Rule 25-2 prohibits "parties and counsel" from submitting "filings directly to any particular judge."

conclusively refuted by the results of this inquiry. <u>See</u> Judicial-Conduct Rule 11(c)(1)(D).

**DISMISSED.**